UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN   DIVISION at DAYTON

| | | |
|---|---|---|
| In re   Austin N. Cambell | ) | Case No.   25-30505 |
| Lauren A. Campbell | ) | |
| | ) | Chapter 13 |
| | ) | Judge   Tyson A. Crist |
| Debtor(s) | | |

## THIRD AMENDED CHAPTER 13 PLAN

### 1. NOTICES

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).

☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☐ **Initial Plan**
☒ **Amended Plan**   The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee, and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly highlighted in a conspicuous manner in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.

☒ This Plan contains nonstandard provisions in Paragraph 13.
☒ The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2(A) and/or 5.1.4(A).
☐ The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2, and/or 5.4.3.

**NOTICES TO CREDITORS:** You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.

### 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ __6,515.00__ per month. [Enter step payments below, if any.] The Debtor shall commence making payments not later than thirty (30) days after the date of filing of the Plan or the order for relief, whichever is earlier. § 1326(a)(1).

**2.1.1 Step Payments, if any:**  Beginning March 2026, payment will be $6,726.00 per month

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of __12__ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %.

## 2.3 Means Test Determination

☐ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☒ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

Upon notice filed with the Court, the Trustee is authorized to administratively increase the proposed percentage payable to nonpriority unsecured creditors to ensure the Plan complies with § 1325(b)(1)(B).

## 3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

## 4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS

4.1 <u>Non-Governmental Unit Secured Claims</u>. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2(A) and 5.1.4(A). Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2, and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2 <u>Governmental Unit Secured Claims</u>. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3 <u>Service Requirements</u>. If the Debtor proposes to seek relief under Paragraphs 5.1.2(A), 5.1.4(A), 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), and Rule 4003(d).

4.4 <u>Retention of Lien.</u> The holder of any claim listed in Paragraphs 5.1.2(A) or (B), 5.1.3, 5.1.4(A) or (B), and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of -- (a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under § 1328, or (c) completion of the Plan -- at which time the lien will terminate and be released by the creditor.

**5. PAYMENTS TO CREDITORS**

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Treatment of Claims with a Non-Filing Codebtor, Guarantor, or Third Party | See Paragraph 5.5 |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient. If the Trustee receives written communication from a creditor that a claim has been paid in full, released, waived, or otherwise deemed satisfied, the Trustee may file a Notice of Deemed Satisfaction of Claim with the Court and distribute any funds returned to the Trustee relating to such claim to other creditors without further order of the Court.

**5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS**

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The Plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full Plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

**5.1.1 Maintenance of Regular Mortgage Payments**

Regular mortgage payments shall be calculated to include the payment due the month after the filing of the petition. For mortgage loan claims disbursed by the Trustee, arrearage payments shall be calculated to include the payment due for the month of the filing of the petition. Arrearages shall be listed in Paragraph 5.2.1 and paid as Class 2 claims.

**Trustee disburse.**

| | Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|---|
| | Freedom Mortgage Corporation | 4182 Beamblossom Rd. Greenville OH 45331 | Y | $3,172.00 | |
| | Wright-Patt Credit Union | 4182 Beamblossom Rd. Greenville OH 45331 (line of credit) | Y | $350.00 | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may be paid directly by the Debtor only if the mortgage is current as of the petition date. LBR 3015-1(d).

### 5.1.2 Modified Mortgages or Liens Secured by Real Property

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the Plan is due. §§ 1322(b)(2), (c)(2).

**5.1.2(A) Cramdown/Real Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

**5.1.2(B) Non-Cramdown/Real Property.** The full amount of the following claims shall be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

### 5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

### 5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable

The following claims are secured by personal property not described above in Paragraph 5.1.3.

**5.1.4(A) Cramdown/Personal Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

|   | Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date |   |
|---|---|---|---|---|
| 1 | General Credit Union<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | 2022 Hyundai Palesade | 04/13/2022 |   |
|   | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |   |
| 1 | $35,225.00 | $35,225.00 | 5.24% | $850.00 |   |

**5.1.4(B) Non-Cramdown/Personal Property.** The full amount of the following claims will be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|
| Freedom Road Financial | 2016 Indian Roadmaster | $5,949.53 | 8.29% | $372.00 | |
| Wright-Patt Credit Union | 2018 GMC Sierra | $21,835.74 | 3.69% | $878.00 | |

**5.1.5 Domestic Support Obligations (Ongoing) - Priority Claims under § 507(a)(1)**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee. Arrearages shall be listed in Paragraph 5.2.2 and paid as Class 2 claims.

**5.1.6 Executory Contracts and Unexpired Leases**

**Service Requirements.** The Plan shall be served on the holder of any executory contract or unexpired lease listed in Paragraph 5.1.6.

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** A proof of claim for rejection damages must be filed by the creditor within ninety (90) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description | |
|---|---|---|
| Barry Deem | Promissory Note in the amount of $65,000.00 and Assignment and Assumption between Englewood Family Fun, LLC (Barry Deem) and Next Level Game Lounge, LLC (Austin Campbell) | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(c)(1). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

**Debtor direct pay.**

**5.1.7 Administrative Claims**

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|
| Paul Wagner | $3,800.00 | $2,800.00 | $78.00 | |

### 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

#### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment, and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims. The interest rate in Paragraph 7 does not apply to claims in this Paragraph.

#### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

### 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

### 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

#### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

#### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

#### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

#### 5.4.4 Mortgages to be Avoided Under § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

**5.5 CLASS 5 - TREATMENT OF CLAIMS WITH A NON-FILING CODEBTOR, GUARANTOR, OR THIRD PARTY**

**5.5(A) Claims Paid by Non-Filing Codebtor, Guarantor, or Third Party.** The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing codebtor, guarantor, or third party.

**5.5(B) Claims Paid by Debtor or Trustee.** The following claims with a non-filing codebtor or guarantor shall be paid by the Debtor or Trustee.

**5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR**
The following claims, which are not otherwise addressed in the Plan, shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

**6. SURRENDER OF PROPERTY**
The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

|  | Name of Creditor | Description of Property |  |
|---|---|---|---|
|  | Fifth Third Bank | 2016 South Bay boat with trailer and motor |  |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court, or provided for in this Plan and except for claims treated in paragraph 5.1.1 and 5.2.1, secured claims shall be paid interest at the annual percentage rate of __9.5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

The Debtor shall provide the Trustee with a copy of each federal income tax return by April 30 of each year, unless otherwise ordered by the Court.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and, unless otherwise ordered by the Court, shall turn over any balance in excess of such amount to the Trustee by June 1 of each year. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

**9. OTHER DUTIES OF THE DEBTOR**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Bonuses, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Funds to Which the Debtor May Be Entitled or Becomes Entitled to Receive**

The Debtor shall keep the Trustee informed as to any claim for or receipt of money or property regarding personal injury, workers compensation, bonuses, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or receipt of social security funds.

**10. INSURANCE**

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information |
|---|---|---|---|---|
| 4182 Beamblossom Rd. Greenville OH 45331 | Auto-Owners | 54-376697-00 | Full | Sydney Bowers Koverman, Staley, Dickerson Insurance 1106 W. Main St. Troy OH 45373 937-339-4119 |
| 2022 Hyndai Palisade 2018 GMC Sierra 2016 Indian Roadmaster Mitsubishi Outlander | Auto-Owners | 53-859534-01 | Full | Sydney Bowers Koverman, Staley, Dickerson Insurance 1106 W. Main St. Troy OH 45373 937-339-4119 |
| 2016 South Bay, trailer and motor 1996 Seadoo Jetskis and trailer | Progressive | 929818503 | Liability | Sydney Bowers Koverman, Staley, Dickerson Insurance 1106 W. Main St. Troy OH 45373 937-339-4119 |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after

paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| | Nonstandard Provisions | |
|---|---|---|
| | Lauren Campbell's 401K loan will be paid off on February 28, 2026. Once paid off, the amount that was being paid to the 401K loan will be paid into the plan. Beginning in March of 2026, the new plan payment will be $6,729.00 a month.<br><br>Debtors propose to surrender their interest in the 2016 South Bay Boat, trailer and motor to the Creditor, Fifth Third Bank. Upon confirmation of the amended plan, the stay affecting this property shall be deemed modified to allow in rem disposition of the collateral to affect the surrender. Pursuant to L.B.R. 3001-1(d)(2), the Trustee will NOT pay on this claim to the listed Creditor until the Creditor files a deficiency claim. The deficiency claim shall be filed no later than 90 days from the date that the amended plan is confirmed. If the deficiency claim is filed more than 90 days after the amended plan is confirmed, then it shall be disallowed except upon further Order of the Court by the Creditor filing timely a Motion to Extend Time or a Motion to File Deficiency Claim Out of Time. The personal liability of the Debtors shall be discharged upon completion of the Plan and the entry of Discharge.<br><br>In exchange for paying for the three vehicles, Debtors agree to not allow this Plan to pay less than 10% to the unsecured creditors. | |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 07/03/25

/s/ Paul Wagner
PAUL WAGNER (0067647)
Hanes Law Group, Ltd.
507 S. Broadway, Greenville OH 45331
**Ph:** 937-548-1157
**Fx:** 937-548-2734
pwagner@haneslaw.com

| **Debtor** | **Joint Debtor** |
|---|---|
| /s/ Austin N. Campbell | /s/ Lauren A. Campbell |
| **Date:** 07/03/25 | **Date:** 07/03/25 |

## NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 plan or an amended Chapter 13 plan (hereafter, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file a written objection to the Plan. Objections to confirmation of an initial plan shall be filed within fourteen (14) days after the § 341 meeting of creditors is concluded. Objections to confirmation of an amended plan shall be filed with the later of twenty-one (21) days after service of the amended plan or fourteen (14) days after the 341 meeting of creditors is concluded. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by first class mail to the United States Bankruptcy Court

120 West Third Street, Dayton OH 45402

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) first class mail to:

Austin and Lauren Campbell, 4182 Beamblossom Rd., Greenville OH 45331
Paul Wagner, Hanes Law Group, 507 S. Broadway, Greenville OH 45331
John G. Jansing, 409 E. Monument Avenue, Suite 410, Dayton, OH 45402
and the United States trustee.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing **Third Amended Chapter 13 Plan** was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court and

  by first class mail on   07/03/25   addressed to:

Affirm, Inc., Attn: Bankruptcy, 650 California St, Fl12, San Francisco, CA 94108

Ally Financial, Inc, Attn: Bankruptcy, Po Box 380901, Bloomington, IL 55438

American First Finance, Attn: Bankruptcy, Po Box 565848, Dallas, TX 75356

AmeriHome Mortgage, Attn: Bankruptcy, 1 Baxter Way, Suite300, Thousand Oaks, CA 91362

Barry Deem, 3919 Valley Brook Dr., Englewood, OH 45322

Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130

Capital One/Menards, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130

CBNA, Attn: Centralized Bankruptcy/Citicorp, Po Box 790034, St Louis, MO 63179

Citibank, Citicorp Cr Srvs, Centralized Bankruptcy, Po Box 790040, St Louis, MO 63179

Citibank/Best Buy, Citicorp Cr Srvs, Centralized Bankruptcy, Po Box 790040, St Louis, MO 63179

Citibank/The Home Depot, Citicorp Cr Srvs, Centralized Bankruptcy, Po Box 790040, St Louis, MO 63179

Citizens One, Attn: Bankruptcy, One Citizens Plaza, Providence, RI 02903

Comenity Bank/Torrid, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218

Comenity Bank/Victoria Secret, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218

Comenity Capital/Petco, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218

Credit One Bank, Attn: Bankruptcy Depart., 6801 Cimarron Rd., Las Vegas, NV 89113

Discover Financial, Attn: Bankruptcy, Po Box 3025, New Albany, OH 43054

Fifth Third Bank, Attn: Bankruptcy, Mail drop RCS83E1830, E. Paris Ave. SE, Grand Rapids, MI 49546

Fifth Third Bank, Attn: Tim Spence, President, Fifth Third Center, 38 Fountain Square Plaza, Cincinnati OH 45263

Freedom Mortgage Corporation, 11988 Exit 5 Pkwy., Bldg. 4, Fishers IN 46037

Freedom Mortgage Corporation, c/o Brock and Scott, PLLC, 3825 Forrestgate Dr., Winston-Salem NC 27103

Freedom Road Financial, Attn: Bankruptcy, 10509 Professional Circle, Suite100, Reno, NV 89521

Freedom Road Financial, c/o Michael F. Spaniak, 10509 Professional Circle, Ste. 100, Reno NV 89521

General Electric Credit Union, Attn: Bankruptcy, 10485 Reading Road, Cincinnati, OH 45241

General Electric Credit Union, c/o Donald W. Mallory, 600 Vine St., Ste. 2500, Cincinnati OH 45202

General Electric Credit Union, Attn: Tim Ballinger, President, 10485 Reading Road, Cincinnati, OH 45241

Goldman Sachs Bank USA, Attn: Bankruptcy, Po Box 70379, Philadelphia, PA 19176

Huntington Bank, Attn: Bankruptcy, PO Box 89424, Cleveland OH 44101

JPMCB, Mail Code LA4-7100, 700 Kansas Lane, Monroe, LA 71203

Kia Motors Finance, Attn: Bankruptcy, Po Box 20825, Fountain Valley, CA 92728

Merrick Bank Corp, Po Box 9201, Old Bethpage, NY 11804

Navient, Attn: Bankruptcy, Po Box 9635, Wilkes Barre, PA 18773

One Main Financial, Attn: Bankruptcy, Po Box 142, Evansville, IN 47701

Opp Loans, Attn: Bankruptcy, One Prudential Plaza, 130 E Randolph St, Chicago, IL 60601

Penny Mac Loan Services, LLC, Attn: Correspondence Unit, Po Box 514387, Los Angeles, CA 90051

PNC Financial Services, Attn: Bankruptcy, 300 Fifth Ave., Pittsburgh, PA 15222

Syncb/ccdstr, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896

Synchrony Bank/Lowes, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896

Target NB, C/O Financial & Retail Services, Mail stop BT PO Box 9475, Minneapolis, MN 55440

The Huntington Natl Bank/Upgrade, Inc., Attn: Bankruptcy, 275 Battery St., 23rd Floor, San Francisco, CA 94111

Upstart, Attn: Bankruptcy, Po Box 1503, San Carlos, CA 94070

Wright Patt Credit Union, Attn: Bankruptcy, 3560 Pentagon Blvd., Beavercreek, OH 45431

KLC Financial, 4350 Baker Rd., Ste. 100, Minnetonka MS 55343

KLC Financial, c/o Dennis Dressler, Esq., Dressler & Peters, LLC, 101 W. Grand Ave., Ste. 404, Chicago IL 60654

Koverman, Staley Dickerson Insurance, 1106 W. Main St., Troy OH 45373

Better Investments, LLC, c/o 3CRE Property Management LLC, 7815 Cooper Rd., Ste. C, Cincinnati OH 45242

AES, PO Box 1247, Dayton OH 45401

City of Englewood, 333 W. National Rd., Englewood OH 45322

CenterPointe Energy, 1111 Louisiana St. Houston TX 77002

Spectrum, 400 Washington Blvd., Stamford CT 06901

Helix Leisure USA, Inc., 5000 Quorum Dr., Ste. 310, Dallas TX 75254

Cosign Security, PO Box 464, Franklin OH 45005

Nexgen Accounting, 139 W. Columbus Ave., Bellefontaine OH 43311

ADP, 9200 Worthington Rd., Westerville OH 43082

Austin and Lauren Campbell, 4182 Beanblossom Rd., Greenville OH 45331

*[For parties served other than by first class mail add the following language]*

by _____certified mail_____ on ___07/03/25___ addressed to: Fifth Third Bank, Attn: Tim Spence, President, Fifth Third Center, 38 Fountain Square Plaza, Cincinnati OH 45263

      /s/ Paul Wagner
      PAUL WAGNER (0067647)
      Hanes Law Group, Ltd.
      507 S. Broadway, Greenville OH 45331
**Ph:** 937-548-1157
**Fx:** 937-548-2734
      pwagner@haneslaw.com